Slip Op. 10-57

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SKF USA INC., SKF FRANCE S.A., SKF AEROSPACE FRANCE S.A.S., SKF INDUSTRIE S.p.A., SOMECAT S.p.A., SKF GmbH, and SKF (U.K.) LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>THE TIMKEN COMPANY,<br><br>Defendant-Intervenor. | Before:  Timothy C. Stanceu, Judge<br><br>Court No. 09-00392 |

## OPINION AND ORDER

[Denying defendant's motion to dismiss Count I of plaintiffs' complaint challenging as unlawful the policy, rule, or practice of the United States Department of Commerce to issue liquidation instructions fifteen days after the publication of the final results of an administrative review]

Dated: May 17, 2010

*Steptoe & Johnson LLP* (*Herbert C. Shelley, Alice A. Kipel,* and *Laura R. Ardito*) for plaintiffs.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim*); *Joanna V. Theiss*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Stewart and Stewart* (*Geert M. De Prest, Terence P. Stewart, William A. Fennell,* and *Lane S. Hurewitz*) for defendant-intervenor.

Stanceu, Judge:  On August 31, 2009, the International Trade Administration, United

States Department of Commerce ("Commerce" or the "Department") published a determination

to conclude the nineteenth administrative reviews of antidumping duty orders on ball bearings

and parts thereof from France, Germany, Italy, Japan, and the United Kingdom (the "Final

Results").  *See Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the*

*United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Revocation of an Order*

*in Part*, 74 Fed. Reg. 44,819 (Aug. 31, 2009) ("*Final Results*").  Plaintiffs SKF USA Inc., SKF

France S.A., SKF Aerospace France S.A.S., SKF Industrie S.p.A., Somecat S.p.A., SKF GmbH,

and SKF (U.K.) Limited (collectively, "SKF" or "plaintiffs") brought this action contesting the

Final Results on September 15, 2009.  Compl. ¶ 1.  One of the claims in their complaint ("Count

I") contests the Department's decision to apply its policy of issuing duty assessment and

liquidation instructions to United States Customs and Border Protection ("Customs" or "CBP")

fifteen days after the publication of the final results of the administrative reviews (the "fifteen-

day policy").  Compl. ¶¶ 14-18 ("Count I").  Defendant moves to dismiss Count I for alleged lack

of standing.  Def.'s Mot. to Dismiss 1 ("Def. Mot.").  Because defendant's argument that

plaintiffs lack standing is meritless, the court denies the motion.

## I. Background

Pursuant to 19 U.S.C. § 1675(a) (2006), Commerce initiated the nineteenth administrative

reviews of the antidumping duty orders on imports of ball bearings and parts thereof from

France, Germany, Italy, Japan, and the United Kingdom, for the period May 1, 2007 through

April 30, 2008 (the "period of review").  *See Initiation of Antidumping & Countervailing Duty*

*Admin. Reviews, Requests for Revocation in Part & Deferral of Admin. Review*, 72 Fed.

Reg. 35,690, 35,691-93 (June 29, 2007).  On April 27, 2009, Commerce published the

preliminary results of the administrative reviews.  *Ball Bearings & Parts Thereof From France,*

*Germany, Italy, Japan, & the United Kingdom: Prelim. Results of Antidumping Duty Admin.*

*Reviews & Intent To Revoke Order In Part*, 74 Fed. Reg. 19,056 (Apr. 27, 2009) ("*Prelim.*

*Results*").  On August 31, 2009, Commerce issued the contested determination.  *Final Results*,

74 Fed. Reg. 44,819.

In the Federal Register notice announcing the Final Results, Commerce stated that "[w]e

intend to issue appropriate assessment instructions directly to CBP 15 days after publication of

these final results of reviews."  *Id.* at 44,821.  In the Issues and Decision Memorandum, which is

incorporated by reference in the Final Results, Commerce explains that "[o]ur practice of issuing

liquidation instructions 15 days after publication of the final results is based upon administrative

necessity, namely that we must provide CBP with sufficient time to liquidate all entries,

particularly in large and complex cases like the instant reviews, before the entries are deemed

liquidated."  *Issues & Decision Mem. for the Antidumping Duty Admin. Reviews of Ball Bearings*

*& Parts Thereof from France, Germany, Italy, Japan, & the United Kingdom for the Period of*

*Review May 1, 2007, through April 30, 2008*, at 12 (Aug. 25, 2009) ("*Decision Mem.*"); *Final*

*Results*, 74 Fed. Reg. at 44,822.

After commencing this action on September 15, 2009, fifteen days after publication of the

Final Results on August 31, 2009, plaintiffs moved for a preliminary injunction on

September 16, 2009 to prohibit Customs from liquidating entries of subject merchandise

produced by or on behalf of plaintiffs that were made during the period of review.  Summons;

SKF's Consent Mot. for a Prelim. Inj. to Enjoin Liquidation of Entries. The court granted

plaintiffs' motion for preliminary injunction upon defendant's consent. Order, Sept. 21, 2009.

On November 19, 2009, defendant, the United States, filed the instant motion to dismiss

Count I of the complaint. Def. Mot. 1. On December 21, 2009, plaintiffs filed their response and

on January 11, 2010, defendant filed its reply. Pls.' Opp'n to Def.'s Mot. to Dismiss ("Pls.

Opp'n"); Def.'s Reply in Supp. of Mot. to Dismiss ("Def. Reply").

## II. DISCUSSION

The court exercises subject matter jurisdiction under 28 U.S.C. § 1581(i) over plaintiffs'

claim in Count I challenging the Department's decision to apply the fifteen-day policy. *See*

28 U.S.C. § 1581(i) (2006); *SKF USA Inc. v. United States*, 31 CIT 405, 409-10 (2007) ("*SKF I*")

(citing *Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1304-05 (Fed. Cir. 2004), and

*Consol. Bearings Co. v. United States*, 348 F.3d 997, 1002-03 (Fed. Cir. 2003)).[1]

Defendant moves to dismiss Count I on the basis that "SKF lacks standing to maintain

Count I, which asserts only hypothetical harm." Def. Mot. 2. Plaintiffs were able to obtain an

injunction against liquidation of its entries and, under the court's order, liquidation of entries of

---

[1] The court held in *SKF USA Inc. v. United States* that jurisdiction over a claim
challenging the previous fifteen-day policy does not fall under 28 U.S.C. § 1581(c), explaining
that
> [t]he language in the Federal Register notice to which plaintiffs direct the court's
> attention is a statement of a *present* intention on the part of Commerce to take,
> within fifteen days of the publication of the Final Results, the *future* action of
> instructing Customs to liquidate, in accordance with the Final Results, the affected
> entries.

*SKF USA Inc. v. United States*, 31 CIT 405, 409 (2007) ("*SKF I*"). The court reached the same
conclusion regarding a claim challenging the Department's revised fifteen-day policy in two
subsequent decisions. *SKF USA Inc. v. United States*, 33 CIT __, __, 659 F. Supp. 2d 1338,
1342-43 n.2 (2009) ("*SKF III*"); *SKF USA Inc. v. United States*, 33 CIT __, __, Slip Op. 09-148,
at 5 (Dec. 21, 2009) ("*SKF IV*").

plaintiffs' merchandise will remain enjoined during the pendency of this litigation, including all remands and appeals. Order, Sept. 21, 2009. Pointing to plaintiffs' success in obtaining an injunction, Order, Sept. 21, 2009, defendant argues that "SKF cannot demonstrate that Commerce's instruction to Customs resulted in any concrete injury in fact. . . . [a]s SKF must concede, no entries were actually liquidated; therefore, Commerce's instructions to Customs did not harm SKF in any way." Def. Mot. 3.

In deciding a USCIT Rule 12(b)(1) motion to dismiss that does not challenge the factual basis for the complainant's allegations, the court assumes all factual allegations to be true and draws all reasonable inferences in plaintiffs' favor. *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 & 1584 n.13 (Fed. Cir. 1993); *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995) (setting forth the standard for determining subject matter jurisdiction). The applicable pleading requirement for plaintiffs' claim in Count I is set forth in USCIT Rule 8(a), which provides that a complaint shall contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." USCIT Rule 8(a)(2) (2010). Rule 8(a) "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true." *Id.*

In two previous cases, the Court of International Trade has held that SKF has standing to challenge Commerce's fifteen-day policy as applied in prior reviews, despite plaintiffs' having obtained an injunction against liquidation. *SKF USA Inc. v. United States*, 31 CIT 405, 409

(2007) ("*SKF I*"); *SKF USA Inc. v. United States*, 33 CIT __, __, 611 F. Supp. 2d 1351, 1362-63

(2009) ("*SKF II*"); *SKF USA Inc. v. United States*, 33 CIT __, __, 659 F. Supp. 2d 1338, 1347-48

(2009); *SKF USA Inc. v. United States*, 33 CIT __, __, Slip-Op. 09-148, at 27-29 (Dec. 21, 2009)

("*SKF IV*").[2]  In *SKF III* and *SKF IV*, the court held that not only did SKF have standing to

challenge Commerce's policy of issuing liquidation instructions fifteen days after publication of

the Final Results even though plaintiffs did not suffer harm caused by liquidation of its entries,

but that the policy, rule, or practice of the Department was contrary to law.  *SKF III*, 33 CIT at

__, 659 F. Supp. 2d at 1348, 1352; *SKF IV*, 33 CIT at __, Slip-Op. 09-148, at 29, 35.

    The circumstances of this case are directly analogous to those in *SKF III* and *SKF IV*.  As

those cases concluded, "a claim may present an actual case or controversy if the action originally

complained of is capable of repetition, yet evading review."  *SKF III*, 33 CIT at __, 659 F. Supp.

2d at 1347-48; *SKF IV*, Slip-Op. 09-148, at 27; *see also*, *SKF II*, 33 CIT at __, 611 F. Supp. 2d

at 1363 n.9; *SKF I*, 31 CIT at 411-12.  In this action, the court takes judicial notice that, despite

the court's prior holding that the fifteen-day policy was contrary to law, Commerce has continued

---

[2] In *SKF II*, the court held that Commerce's previous 2002 policy of issuing liquidation instructions *within* fifteen days of publication violated 19 U.S.C. § 1516a(c)(2) "because that policy allows liquidation to occur almost immediately upon publication rather than providing a minimally reasonable time during which a party may seek to obtain an injunction against liquidation." *SKF USA Inc. v. United States,* 33 CIT __, __, 611 F. Supp. 2d 1351, 1367 (2009) ("*SKF II*").  The court determined that the previous 2002 policy "induces an absurd, and unnecessary, 'race to the courthouse' that burdens impermissibly the right of a prospective plaintiff to seek the injunction that Congress contemplated in enacting § 1516a(c)(2) and frustrates the purpose of that provision." *Id.* at __, 611 F. Supp. 2d at 1365.  In *SKF III*, the court held that the Department's adherence to its current policy, rule, or practice, under which it waits fifteen days before issuing liquidation instructions was contrary to law because the Department failed to consider the relevant factors in adopting that policy, rule, or practice. *SKF III*, 33 CIT at __, 659 F. Supp. 2d at 1350-51.

to apply its fifteen-day policy in multiple administrative reviews in 2010. *See Certain Preserved Mushrooms from the People's Republic of China: Am. Final Results Pursuant to Final Ct. Decision*, 75 Fed. Reg. 17,376, 17,377 (Apr. 6, 2010); *Certain Pasta from Italy: Notice of Am. Final Results of the Twelfth Antidumping Duty Admin. Review,* 75 Fed. Reg. 11,116, 11,117 (Mar. 10, 2010); *Circular Welded Carbon Steel Pipes & Tubes From Thailand: Final Results of Antidumping Duty New Shipper Review*, 75 Fed. Reg. 4529, 4530 (Jan. 28, 2010). The adverse effect of the new fifteen-day policy, as the court found to exist in *SKF III* and *SKF IV*, is, therefore, capable of repetition.

Defendant argues, further, that the court's decision in *SKF IV*, which concluded that the judgment issued in *SKF III* declaring the fifteen-day policy contrary to law "cannot ensure that Commerce will not apply its liquidation policy to SKF," supports its position that SKF cannot demonstrate standing. Def. Reply 5. According to this argument, Count I seeks an advisory opinion because the relief being sought in Count I could not prevent the application of the fifteen-day policy to SKF in future reviews. *Id.* The court finds no merit in this argument.

Defendant is correct that the judgments granted in *SKF III* and *SKF IV* were declaratory judgments. *SKF III*, 33 CIT at __, 659 F. Supp. 2d at 1352; *SKF IV*, 33 CIT at __, Slip Op. 09-138, at 35. In a declaratory judgment, a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (2006). It may not be presumed that SKF will never be able to obtain any remedy based on the declaratory judgments it obtained in *SKF III* and *SKF IV* challenging the fifteen-day policy. Nor is SKF precluded in this litigation from seeking relief other than declaratory relief, and that relief could affect Commerce's future ability to apply its

unlawfully promulgated fifteen-day policy to SKF.  Commerce twice has applied to SKF a policy

that the court has declared to be contrary to law and has given no indication that it will modify

that policy or otherwise remedy the continuing harm the court identified in *SKF III*.  Rather than

attempt to obtain an advisory opinion, Count I rests on a justiciable case or controversy that

continues to exist between Commerce and SKF.

### III. CONCLUSION

Plaintiffs have established standing to bring the claim asserted in Count I of the complaint

challenging as unlawful the policy, rule, or practice of Commerce to issue liquidation instructions

fifteen days after the publication of the final results of an administrative review.  Accordingly,

defendant's motion to dismiss Count I must be denied.

### ORDER

Upon review of plaintiffs' complaint, defendant's motion to dismiss Count I of the

complaint, plaintiffs' opposition to defendant's motion to dismiss, defendant's reply in support

of its motion to dismiss, and all other papers and proceedings herein, and upon due deliberation,

it is hereby

ORDERED that defendant's motion to dismiss be, and hereby is, DENIED.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: May 17, 2010
        New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble<br>
Clerk of the Court

Date: __May 17, 2010__          By: __/S/ Geoffrey Goell__
                                       Deputy Clerk